# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

TERRANCE PARKER, :
:
     Plaintiff, :
:
VS. :
: **7 : 10-CV-44 (HL)**
Officers VIRGINIA WILLIAMS and :
SONYA BRADLEY, :
:
     Defendants. :
:

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by the Defendants. (Doc. 13). The Plaintiff filed this action on May 20, 2010, raising allegations regarding his confinement at the Thomas County Jail in March 2010. (Docs. 2, 9). Plaintiff alleges that he asked the Defendants for medical treatment for his mouth or jaw and was denied said treatment, resulting in his mouth or jaw becoming "locked up". *Id.*

The Defendants have filed a Motion to Dismiss, alleging that Plaintiff has failed to exhaust administrative remedies. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.
> *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion and any response from the Plaintiff does not reveal a conflict. Plaintiff has not responded to the Defendants' Motion to Dismiss, and states in his Complaint that he did not file a grievance regarding the events underlying this lawsuit. (Doc. 2, § III. ¶ 9). The Defendants and Plaintiff agree that Plaintiff never filed any form of grievance regarding the claims underlying this lawsuit. Accepting Plaintiff's allegations as true, Plaintiff's claims are subject to dismissal pursuant to the first step of the analysis.

The Defendants establish, by means of the affidavit testimony of Defendant Virginia Williams, Chief Jailer at the Thomas County Jail, that a grievance system was in place at the Thomas County Jail at the time of the incidents underlying this lawsuit. (Doc. 19, ¶ 6). The Defendants contend, supported by the affidavit testimony of Defendant Williams, that Plaintiff failed to file any grievance of any type regarding the events and claims underlying this lawsuit. *Id.* at ¶ 9.

Although the Plaintiff states in his Complaint that "they gave me the run around about [a grievance] and my mouth locked up so I couldn't talk or eat", and also alleges that there was "[n]o grievance procedure" at the Thomas County Jail (Doc. 2, § III. ¶ 9(d)(1)), Defendants point out that Plaintiff did file two grievances at the Thomas County Jail, two days after filing the Complaint in this case. (Doc. 19, Exhs. A and B). The filing of these subsequent grievances evidences Plaintiff's awareness and utilization of the grievance procedure at the Thomas County Jail. *See Gould v. Donald*, 2009 WL 1606520 *5 (M.D.Ga) (CDL) (plaintiff was well aware of prison grievance policy as he had filed multiple grievances while imprisoned in Georgia prison system).

Moreover, in order to demonstrate that administrative remedies were unavailable, the

Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable). Herein, there is no indication that Plaintiff's access to the grievance processes was prohibited by jail officials, by means of threat or otherwise.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available remedies to grieve the alleged offenses of the Defendants. The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at the Thomas County Jail and establishes that the Plaintiff filed no grievances regarding the events in question during his confinement at the Thomas County Jail. The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion". *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.* The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies.

Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

**SO RECOMMENDED**, this 10th day of June, 2011.

                                  **s/ *THOMAS Q. LANGSTAFF***

                                  **UNITED STATES MAGISTRATE JUDGE**

asb